# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARON KARL WILLIAMS, JR.,<br><br>Defendant. | Case No.: 2:20-cr-00028-GMN-NJK<br><br>**ORDER**<br>(Docket No. 10) |

Pending before the Court is Defendant Laron Karl Williams, Jr.'s motion for immediate COVID-19 testing. Docket No. 10.

Defendant asks the Court to order that he be immediately tested for COVID-19 should he be detained pretrial and remanded to the custody of the United States Marshal Service at the Nevada Southern Detention Center ("NSDC").[1]  *Id*. at 2.  Defendant submits that he was transferred to this District from New Mexico state custody and his attorney "does not know which facility he was housed in or what COVID-19 safety protocols are in place there." *Id*. at 3. Defendant submits that the Court has the inherent authority to order COVID-19 testing for him at NSDC. *Id*. at 6-8. Defendant further submits that testing is "crucial to stemming the spread of COVID-19." *Id*. at 8-9. Defendant next submits that testing is necessary to protect his Sixth Amendment right to the assistance of counsel and to prepare a complete defense. *Id*. at 9-13. Therefore, Defendant asks the Court to order NSDC to test him immediately for COVID-19. *Id*. at 13.

The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents, particularly within the jail and prison setting. *United States v. Boatwright*, ____ F.Supp.3d ____, 2020 WL 1639855, at *5 (D.Nev. April 2, 2020).

---

[1] Despite Defendant's language asking to be tested if the Court detains him pending trial, Defendant was ordered detained four days prior to the filing of his motion. *See* Docket Nos. 5, 10.

Decisions regarding the adoption and execution of internal policies, including the discipline, care, and security of prisoners, however, ordinarily lie "within the province and professional expertise of corrections officials." *Bell v. Wolfish*, 441 U.S. 520, 547-548 (1979). These are "the sort of issues that the Supreme Court has instructed courts to ordinarily defer to [corrections officials' expert judgment."[2] *United States v. Needham*, ___ F.Supp.3d ____, 2020 WL 2512105, at *3 (S.D.N.Y. May 15, 2020) (internal citation omitted). Granting Defendant's motion would interfere with the internal management of NSDC and the Court finds that it does not have the inherent authority to do so.[3] *Id*.

Accordingly, for the reasons stated above, Defendant's motion for immediate COVID-19 testing, Docket No. 10, is **DENIED**.

IT IS SO ORDERED.

DATED: June 15, 2020.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[2] This Court has previously found that NSDC is taking reasonable recommended precautions, including medical staff screening new inmates for COVID-19 symptoms and risk of exposure, isolating those deemed to be high risk, and promoting other recommended hygiene habits. *Boatwright*, 2020 WL 1639855, at *5.

[3] While the Court need not reach these arguments, the Court notes that Defendant's motion is based upon generalized speculation rather than any specific COVID-19 risk. *See Boatwright*, 2020 WL 1639855, at *7. Further, the Court finds Defendant's argument that failure to test him for COVID-19 violates his rights because he cannot assist with his defense without in-person legal visits unpersuasive, particularly since he would not be able to engage in in-person visits with his attorney even if he was tested. *See United States v. Dodd*, 2020 WL 1547419, at *3 (D.Minn. April 1, 2020) ("Defendant does not suggest that his situation with regard to consultation with counsel is an urgent one or distinguishable from that facing other pretrial detainees at this time").

2